UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
Case No. 21-61201-CIV-DIMITROULEAS/HUNT

AARON THORNE,

    Plaintiff,

v.

C & I STUDIOS, INC.,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before this Court on Defendant's Motion for Bill of Costs ("Motion"), ECF No. 67. The Honorable William P. Dimitrouleas referred the Motion to the undersigned for a Report and Recommendation. S*ee* ECF No. 68; 28 U.S.C. § 636; S.D. Fla. L.R., Mag. R. 1. Upon thorough review of the record and the Motion, the undersigned respectfully RECOMMENDS that Defendant's Motion for Bill of Costs, ECF No. 67, be GRANTED as set forth below.

## BACKGROUND

On June 9, 2021, Aaron Thorne ("Plaintiff") brought this action against C & I Studios Inc. ("Defendant") alleging that Defendant violated the Americans with Disabilities Act ("ADA") 42 U.S.C. § 12102, *et seq.* ("ADA"), and the Florida Civil Rights Act of 1992, Fla. Stat. §760, *et seq.* ("FCRA"), by discriminating against him due to his alleged disability and for failing to accommodate him. Defendant moved for summary judgment on July 15, 2022. ECF No. 41. The District Court granted Defendant's Motion for Summary Judgment and entered final judgment in favor of Defendant against Plaintiff.

ECF Nos. 62, 64.

Defendant now moves this Court for an award of costs as the prevailing party pursuant to Rule 54(d) of the Federal Rules of Civil Procedure. ECF No. 67. In its Motion, Defendant represented that Plaintiffs take no position with respect to the relief requested in the Motion. ECF No. 98. The time to respond to Defendant's Motion has passed and Plaintiff has failed to respond. Thus, the Motion is considered unopposed.

## DISCUSSION

1.  Costs

Defendant seeks to recover $4,161.89 in litigation costs, which result from fees for deposition transcripts obtained for use in the case, costs incurred obtaining copies, and fees of the Clerk related to serving subpoenas. Defendant claims that it is entitled to recover costs because the Court granted summary judgment in its favor and dismissed Plaintiff's claim with prejudice, which makes Defendant the prevailing party.

A.  Prevailing Party

Federal Rule of Civil Procedure 54(d)(1) allows prevailing parties to recover costs other than attorneys' fees. Further, Rule 54(d) creates a presumption in favor of awarding costs to the prevailing party. *See Trident Int'l, Ltd. v. Imperial Majesty Cruise Line, LLC*, No. 08-61277-CIV, 2011 WL 845875, at *1 (S.D. Fla. Jan. 19, 2011).

"A prevailing party analysis requires a determination of whether a court-ordered material alteration of the legal relationship between the parties has occurred." *Sream, Inc. v. HHM Enter. Partners, Inc.*, No. 16-62641-CIV-BLOOM/VALLE, 2017 WL 3007534, at *2 (S.D. Fla. July 14, 2017). A material alteration between parties has been found in situations where "a party has been awarded by the court at least some relief on the merits

of his claim or . . . a judicial imprimatur on the change in the legal relationship between the parties.'" *Interim Healthcare Inc. v. Suncoast Loving Care, LLC*, No. 18-60766-CIV-GAYLES/SELTZER, 2018 WL 6620314, at *2 (S.D. Fla. Nov. 28, 2018) (quoting *Smalbein v. Daytona Beach*, 353 F.3d 901, 905 (11th Cir. 2003)).

Here, the Court granted Defendant's Motion for Summary Judgment and entered final judgment in favor of Defendant against Plaintiff. Therefore, the undersigned finds that Defendant is the prevailing party and entitled to costs pursuant to Federal Rule of Civil Procedure 54(d).

B.     Recoverable Costs

Accordingly, as Defendant is the prevailing party, this Court is permitted to tax as costs only those expenses enumerated in 28 U.S.C. § 1920. *Doria v. Class Action Servs., LLC*, 261 F.R.D. 678, 685 (S.D. Fla. 2009). Under 28 U.S.C. § 1920, the following costs may be taxed:

> (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

**<u>Service of Process Fees</u>**

Defendant seeks to recover $835 for fees incurred with service of subpoenas. "[P]rivate process server fees may be taxed pursuant to §§ 1920(1) and 1921." *EEOC v. W & O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000). Such costs are recoverable provided the rate charged does not exceed the cost of having a U.S. Marshal effect service. *See id.* 28 C.F.R. § 0.114(a)(3) states that the current rate is "$65 per hour (or portion thereof)

3

for each item served by one U.S. Marshals Service employee, agent, or contractor, plus travel costs and any other out-of-pocket expenses."

The undersigned has reviewed the service invoices and finds that Defendant properly reduced any rate charged in excess of the U.S. Marshal rate to the U.S. Marshal rate. Accordingly, the undersigned recommends that Defendant should be entitled to tax costs in the amount of $835 for the issuance of subpoenas.

**Deposition/Transcript Costs**

Defendant seeks to recover taxable costs of $2,032.75 which consist of fees for the deposition transcript of Plaintiff for use in the case and court reporter fees. "A court may tax costs 'associated with the depositions submitted by the parties in support of their summary judgment motions.'" *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1337 (S.D. Fla. 2009) (quoting *W & O, Inc.*, 213 F.3d at 621). The burden falls on the non-prevailing party to show that the specific deposition costs were either not necessary for use in the case or that the deposition was not related to an issue present in the case. *Id.* (citing *W & O*, 213 F.3d at 621). "Recoverable costs include deposition-transcript fees and attendance fees of the court reporter or per diem." *DuChateau v. Camp Dresser & McKee, Inc.*, No. 10-60712-CIV-ROSENBAUM, 2012 WL 1069166, at *2 (S.D. Fla. Mar. 29, 2012).

Defendant contends that it was reasonably necessary to depose Plaintiff and obtain his deposition transcript in order to defend against Plaintiff's allegations. Due to Plaintiff's failure to file a response, Plaintiff has failed to meet his burden of showing that the deposition cost was not necessary for use in this action. Accordingly, based on Defendant's representation and Plaintiff's failure to contest the specific costs, the

4

undersigned recommends that Defendant be entitled to recover its taxable costs associated with deposition transcripts amounting to $2,032.75.

**Fees for Copies of Records**

Lastly, Defendant seeks to recover fees for copies of medical records in the amount of $1,294.14. The cost of copying records is recoverable if "the prevailing party could have reasonably believed that it was necessary to copy the papers at issue." *W & O*, 213 F.3d at 623; *see also* 28 U.S.C. § 1920(4). "The prevailing party must provide more than the mere label that the costs they seek to recover are copying costs." *Birren v. Royal Caribbean Cruises, Ltd.*, No. 20-22783-CIV-BLOOM/LOUIS, 2022 WL 6776362, at *10 (S.D. Fla. Sept. 15, 2022). However, "the prevailing party is not required to articulate the specific reason for each photocopy." *See id.* (citing *Roberts v. Carnival Corp.*, No. 19-25281-CIV-MOORE/BECERRA, 2021 WL 7542968, at *5 (S.D. Fla. Sept. 21, 2021)).

Plaintiff placed his mental health at issue in this action. Undoubtedly, the medical records could assist in demonstrating the extent of his mental health issues. As a result, the copies of these records were necessary for Defendant to defend this action. Further, Plaintiff did not respond nor object to the specific costs sought. The undersigned has reviewed the invoices submitted with Defendant's request and finds that they sufficiently reflect the costs, descriptions of the charges, and rate charged in obtaining copies of Plaintiff's medical records. Therefore, the undersigned finds that Defendant has provided enough information to entitle it to tax costs for the copies of records in the amount of $1,294.14 related to Plaintiff's medical records.

**RECOMMENDATION**

Based on the foregoing, the undersigned RECOMMENDS that Defendant's Motion for Bill of Costs, ECF No. 67, be GRANTED. Defendant should recover taxable costs of $4,161.89.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2018); *see Thomas v. Arn*, 474 U.S. 140 (1985).

DONE AND SUBMITTED at Fort Lauderdale, Florida this 27th day of October 2020.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Honorable William P. Dimitrouleas

All Counsel of Record

Aaron Thorne
3348 W. Park Road
Hollywood, FL 33021
*pro se*